The Honorable Lloyd C. McCuiston, Jr. State Representative 1501 North Golf Links Cove West Memphis, AR 72301
Dear Representative McCuiston:
This is in response to your request for an opinion on the following two questions:
 (1) Is a school district responsible for payment of filing fees and costs of service of process for actions required under A.C.A. § 6-18-222?
 (2) If the answer to the above is negative, then is the prosecuting authority responsible for payment of filing fees and costs of service of process for actions required under A.C.A. § 6-18-222?
In response to your first question, A.C.A. § 6-18-222 (Cum. Supp. 1991) does not address responsibility for the payment of filing fees or for the cost of service of process for actions filed thereunder. Sections 6-18-222(a)(4) and (5) provide:
 (4) Whenever a student exceeds the number of excessive absences provided for in the district's student attendance policy, the school district shall notify the prosecuting authority, and the student's parents, guardians, or persons in loco parentis shall be subject to a civil penalty in such an amount as a court of competent jurisdiction presiding in the presence of a representative of the school district may prescribe, but not to exceed five hundred dollars ($500) plus costs of court and any reasonable fees assessed by the court. The penalty shall be forwarded by the court to the school attended by the student.
 (5) Upon notification by the school district to the prosecuting authority, the prosecuting authority shall file an action in the appropriate court to impose the civil penalty set forth in subdivision (a)(4) of this section and shall take whatever action is necessary to collect the penalty provided for therein. The failure of the prosecuting authority to timely file an action or pursue collection on a case once notified shall be considered neglect of duty, subjecting the prosecuting attorney to the provisions of § 16-21-116.
Under these provisions, the school district is responsible for notifying the prosecuting authority of a student's excessive absenteeism and the prosecuting authority is then required to file suit to obtain the civil penalty provided for therein. The student's parents, guardians, or persons in loco parentis shall be subject to a penalty not to exceed five hundred dollars, in addition to costs of court and any reasonable fees assessed by the court. The penalty is to be forwarded by the court to the school attended by the student.
Because suits filed under § 6-18-222 are civil in nature and because the school receives any penalty collected, it is my opinion that the school district could reasonably be held responsible for the payment of the filing fees and costs of service of process. Fees are required to initiate a civil action,see A.C.A. § 21-6-403 (Cum. Supp. 1991), and the general rule is that "fees should be paid by the persons obtaining the benefit of the acts, or receiving the services, or at whose instance they were done or performed." See 36A C.J.S. Fee 249 (1961). It should be noted that the student's parents, guardians, or persons in loco parentis may be ordered to pay court costs and any reasonable fees under § 6-18-222(a)(4). This would include filing fees and service of process fees. See Black's Law Dictionary, 312 (5th ed. 1979), defining "costs." Accordingly, any such fees paid by the school district would most likely be adjudged against such persons.
While my answer to your first question generally renders your second question moot, it should be noted that the prosecuting authority's failure to timely file an action upon notification by the school district of a student's excessive absenteeism shall be considered neglect of duty and subject him to the punishment for misdemeanors in office or neglect of duty set out in A.C.A. §16-21-116 (1987). See A.C.A. § 6-18-222(5) (Cum. Supp. 1991). The school district's failure to pay filing fees and/or service of process fees arguably would not excuse the prosecuting authority from this statutory duty. Accordingly, upon the school district's failure to pay such fees, the prosecuting authority would probably be well advised to pay them. Again, though, any fees paid will most likely be recovered from the student's parents, guardians, or persons in loco parentis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT:WB/ch